IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PASTOR STEPHEN UKO UDOH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COLIN MCEVOY | : | NO. 13-7605 |
| THE EXPRESS TIMES | : | |

MEMORANDUM

JONES, J.                                                                                               JANUARY 8, 2014

      Plaintiff Pastor Stephen Uko Udoh brings this action against Colin McEvoy and the Express Times based on his allegations that the defendants published an allegedly defamatory article about him. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint for failure to state a claim.

I.     FACTS

      Plaintiff alleges that he was unlawfully arrested on a third degree harassment charge. On June 3, 2011, the defendants published an article in the Express Times of Easton about plaintiff (presumably related to the arrest), which included his picture, and which was also available online. As a result, plaintiff claims that he was "psychologically traumatized," and that his "good name was ruined." (Compl. ¶ IV.) He seeks $5 billion dollars in damages.

II.    STANDARD OF REVIEW

      The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

1

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). If an affirmative defense is obvious from the face of the complaint, the Court may dismiss any facially invalid claims under § 1915. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

The Court understands plaintiff to be bringing civil rights claims pursuant to 42 U.S.C. § 1983, based on damage to his reputation, as well as defamation claims. Plaintiff's civil rights claims fail because nothing in the complaint suggests that the defendants are state actors. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."). In any event, defamation is not actionable under § 1983 unless a plaintiff can "show a stigma to his reputation plus deprivation of some additional right or interest." *Dee v. Borough of Dunmore*, 549 F.3d 225, 233-34 (3d Cir. 2008) (quotations omitted). Plaintiff's allegations of psychological distress and damage to his reputation do not meet that standard. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) ("[S]o long as [the alleged] damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a [civil rights] action."); *Good v. City of Sunbury*, 352 F. App'x 688, 692 (3d Cir. 2009) (allegations of emotional distress do not satisfy the stigma-plus test).

To the extent plaintiff is bringing defamation claims under state law, those claims are time-barred. In Pennsylvania, the statute of limitations governing defamation claims is one year. *See* 42 Pa. Cons. Stat. § 5523. Under Pennsylvania's "single publication rule," which applies to publications in newspapers as well as on the internet, the statute of limitations begins to run upon the original printing of the defamatory material. *In re Phila. Newspapers, LLC*, 690 F.3d 161, 174 (3d Cir. 2012). Here, plaintiff alleges that the defamatory statements were made on June 3, 2011, but he did not file this action until December 26, 2013, well beyond the expiration of the one-year limitations period. Accordingly, his defamation claims are time barred.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed. As it does not appear that plaintiff can cure the deficiencies in his complaint, he will not be given leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.